J-S01012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN JAUWN KELLUM | : | |
| | : | |
| Appellant | : | No. 415 WDA 2022 |

Appeal from the Judgment of Sentence Entered July 27, 2021
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0000566-2020

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED: APRIL 20, 2023**

Appellant, Justin Jauwn Kellum, appeals *nunc pro tunc* from the July 27, 2021 judgment of sentence of an aggregate term of 27-60 years' imprisonment. In addition, Appellant's counsel, Melissa Merchant-Calvert, Esq., seeks to withdraw her representation of Appellant. We deny Attorney Merchant-Calvert's petition to withdraw and remand with instructions.

We need not delve into the facts underlying Appellant's convictions at this juncture. Instead, we only note that, in April of 2021, a jury convicted Appellant of one count of robbery, 18 Pa.C.S. § 3701(a)(1)(i), and two counts of aggravated assault, 18 Pa.C.S. § 2702(a)(1). On July 27, 2021, the trial court sentenced Appellant to the term set forth *supra*. The trial court subsequently granted Appellant an enlargement of time to file post-sentence

---

[*] Retired Senior Judge assigned to the Superior Court.

motions. Despite receiving an enlargement of time, Appellant filed no post-sentence motions.

After Appellant filed multiple, untimely notices of appeal, the trial court permitted him to appeal *nunc pro tunc* on April 12, 2022. The trial court thereafter ordered him to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and he timely complied. The trial court later issued a Rule 1925(a) opinion.

While Appellant's appeal was pending before this Court, Appellant's previous counsel withdrew, and the trial court appointed Attorney Merchant-Calvert to represent Appellant. On October 19, 2022, she filed a brief and a petition to withdraw as counsel. In both filings, she indicates that she is seeking to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). In the brief, she presents the following issues for our review:

> I. Whether the jury's verdict was against the weight of the evidence.
>
> II. Whether the Mercer County Court of Common Pleas has jurisdiction over this matter.
>
> III. Whether the trial court abused its discretion by imposing an excessive sentence.
>
> IV. Whether trial counsel was ineffective for (A) failing to file a *habeas corpus* motion; (B) failing to review discovery; (C) failing to call a witness to testify at trial; and (D) failing to file a [Pa.R.Crim.P.] 600 motion.
>
> V. Whether the trial court engaged in misconduct by (A) stating that Appellant would receive a harsh sentence if he did not accept the plea offer; and (B) telling the jurors that they had to meet on

common ground after they announced that their decisions were split.

VI. Whether the Commonwealth engaged in misconduct by withholding D.N.A. results.

Attorney Merchant-Calvert's Brief at 4-5 (unnecessary capitalization omitted).

Problematically, contrary to Attorney Merchant-Calvert's assertions, this case does not implicate **Turner/Finley**. Rather, because this case is a direct appeal from Appellant's judgment of sentence, Attorney Merchant-Calvert must seek to withdraw her representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). Generally, **Anders/Santiago** provides heightened protections to defendants in comparison to **Turner/Finley**:

> **Anders** and **Turner/Finley** are close cousins, bearing similarities in that counsel is required to examine the record, present issues, and request permission to withdraw. However, there are also significant differences. **Anders** applies to direct appeals; **Turner/Finley** applies to [Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546,] cases. **Anders** counsel is not permitted to withdraw unless the appeal is wholly frivolous, but **Turner/Finley** counsel is permitted to do so if the case lacks merit, even if it is not so anemic as to be deemed wholly frivolous. Also, **Anders** counsel must not argue against the client's interests while **Turner/Finley** counsel must do so, articulating why the client's claims have no merit.

> The heightened protection afforded to **Anders** appellants as compared to **Turner/Finley** petitioners/appellants arises because the right to counsel on direct appeal and the right to the direct appeal itself are constitutional ones. By comparison, a first-time PCRA petitioner's right to counsel is born of rule, namely Pa.R.Crim.P. 904(C), and that right does not spring from the federal or state constitutions.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721-22 (Pa. Super. 2007) (internal citations omitted).

- 3 -

We recognize that this Court may accept an **Anders** brief in lieu of a **Turner/Finley** no-merit letter, as an **Anders** brief provides greater protection to a defendant. **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) (citation omitted). However, we know of no legal authority supporting that this Court may accept a **Turner/Finley** no-merit letter in lieu of an **Anders** brief.

We further note that, when counsel seeks to withdraw pursuant to **Anders**,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).
>
> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
> > (1) provide a summary of the procedural history and facts, with citations to the record;
> >
> > (2) refer to anything in the record that counsel believes arguably supports the appeal;
> >
> > (3) set forth counsel's conclusion that the appeal is frivolous; and
> >
> > (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to [her] client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders**

brief." ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, … 936 A.2d 40 ([Pa.] 2007).

***Commonwealth v. Orellana***, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of ***Anders*** and ***Santiago***, this Court must then "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Here, in addition to erroneously stating that she is seeking to withdraw pursuant to ***Turner/Finley***, Attorney Merchant-Calvert fails to comply with the above-stated ***Anders/Santiago*** requirements. First, the brief filed by Attorney Merchant-Calvert does not provide a summary of the facts of the case, with citations to the record. Instead, she merely recounts the procedural history of the case and includes no record citations. Second, while Attorney Merchant-Calvert concludes at the end of the brief that there are no non-frivolous issues, she also states in the beginning of the brief that she is seeking to withdraw because there are "***no meritorious*** and/or non-frivolous issues for appeal…." Attorney Merchant-Calvert's Brief at 8 (emphasis added). We reiterate that ***Anders*** counsel may not withdraw unless the appeal is wholly frivolous; it is not sufficient to just lack merit. ***See Wrecks***, ***supra***. Third, in stating reasons why Appellant's appeal is frivolous, Attorney Merchant-Calvert makes no mention of the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous. ***See Orellana***, ***supra***. Her analysis of all six issues spans a mere

four pages, and incudes no meaningful discussion of the claims. She cites no legal authority in the argument section of the brief other than **Turner** and **Finley**,[1] and she fails to reference the trial transcript or mention any of the specific facts adduced at trial.

Furthermore, while Attorney Merchant-Calvert does not attach a copy of the notice-of-rights letter to her petition to withdraw, a copy of the letter is appended to her brief. **See Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005) (opining that "the prudent course is to require counsel henceforth to attach *to their petition to withdraw* a copy of the letter sent to their client advising him or her of their rights") (emphasis added). In the letter, Attorney Merchant-Calvert states that, "[a]t this time, in recognition of the absence of any arguable merit underlying your claim(s), I will be seeking to withdraw as your attorney. You may, at your option, proceed *pro se*, with privately retained counsel, or not at all, pursuant to … **Turner**…." **See** Attorney Merchant-Calvert's Brief at Exhibit D. However, as we set forth above, to comply with **Anders/Santiago**, counsel must advise Appellant of his right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or *(3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the Anders brief*." **Orellana**, **supra** (citing **Nischan**, **supra**; emphasis

---

[1] We have already deemed **Turner** and **Finley** to be irrelevant to the matter at hand.

added). Attorney Merchant-Calvert did not inform Appellant of this third, emphasized right.

Based on the foregoing, Attorney Merchant-Calvert has not met the requirements of ***Anders/Santiago***. As such, we must deny her petition to withdraw and remand with the following instructions. ***See Wrecks***, 931 A.2d at 721 ("If counsel does not fulfill the aforesaid technical requirements of ***Anders***, this Court will deny the petition to withdraw as counsel and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with ***Anders*** or file an advocate's brief on [the] [a]ppellant's behalf).") (citation omitted). We instruct Attorney Merchant-Calvert to file — within **30 days** of the date of this decision — either an advocate's brief on Appellant's behalf, or a petition to withdraw and brief that comply with

***Anders/Santiago***.[2, 3] Counsel must attach to her petition to withdraw a copy

of a letter to Appellant advising him of all three of the rights discussed above.

Along with the letter, Attorney Merchant-Calvert must send Appellant a copy

of the ***Anders*** brief. Thereafter, we will provide Appellant thirty days from

the date of Attorney Merchant-Calvert's letter to file a *pro se* response to

counsel's petition to withdraw.

_____

[2] We point out that:

> To adequately preserve a discretionary sentencing claim, the defendant must present the issue in either a post-sentence motion, or raise the claim during the sentencing proceedings. In the non-***Anders*** context, the defendant must preserve the issue in a court-ordered Pa.R.A.P. 1925(b) concise statement and a Pa.R.A.P. 2119(f) statement. Where counsel files an ***Anders*** brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement.

***Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa. Super. 2015) (cleaned up); ***see also*** Pa.R.A.P. 2119(f) ("An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence.").

[3] In addition, we observe that, generally, defendants should defer ineffective assistance of counsel claims until collateral review. ***See Commonwealth v. Holmes***, 79 A.3d 562, 563-64 (Pa. 2013). Nevertheless, ineffective assistance of counsel claims may be reviewed on direct appeal if (1) "extraordinary circumstances" exist "where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice"; or (2) there is good cause shown, and the defendant waives "his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA." ***Id.*** (footnotes omitted).

Petition to withdraw denied.   Case remanded with instructions. Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  4/20/2023